# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PABLO RENDON-INZUNZA,<br><br>                    Petitioner,<br>  vs.<br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. 09cv1258-LAB<br><br>**ORDER DENYING 28 U.S.C.<br>§ 2255 HABEAS MOTION** |

      Juan Pablo Rendon-Inzunza is currently serving a 59-month sentence for importing cocaine into the United States. Now before the Court is Rendon-Inzunza's habeas petition brought pursuant to 28 U.S.C. § 2255, through which he seeks a sentence reduction. Mr. Rendon-Inzunza seeks the relief on the ground that, due to his alien status, he is ineligible for a one-year sentence reduction through a drug program, or early release into a halfway house. He argues that deprivation of these benefits or privileges due to his alien status violates his Fifth and Fourteenth Amendment rights to due process and equal protection.

      Mr. Rendon-Inzunza's contention that he is entitled to relief on due process and equal protection grounds is without merit. To state an equal protection claim, a plaintiff must allege he was treated differently from other similarly situated persons, *see City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985), and deportable aliens are not "similarly situated" to United States citizens. It is not an equal protection violation to allow United States citizen-inmates, who must re-enter domestic society, to participate in rehabilitative or

other programs while denying that privilege to deportable inmates. *See, e.g.*, *Santos v. United States*, 940 F.Supp. 275, 281 (D. Hawaii 1996) (one's status as deportable alien, which may result in ineligibility for less restrictive terms of confinement, cannot justify downward departure; plaintiff failed to state an equal protection claim "because deportable aliens are not 'similarly situated' to United States citizens"). The Supreme Court "has firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 521-22 (2003).

This Court has previously rejected the claim that an alien's ineligibility for various prisoner programs or benefits violates that person's rights. *See Lizarraga-Lopez v. United States*, 89 F.Supp.2d 1166 (S.D. Cal. 2000). In *Lizarraga-Lopez*, the movant sought a downward departure because, as a deportable alien, he was ineligible for early release into a halfway house. Lizarraga-Lopez brought his motion under 18 U.S.C. § 3624(c), which requires the Director of the Bureau of Prisons ensure, to the extent practicable, that prisoners spend a portion of their final months in prison under conditions that afford them "a reasonable opportunity to adjust to and prepare for the reentry" into the community. Since Lizarraga-Lopez was a pro se litigant, the Court considered whether his motion might appropriately be brought under 28 U.S.C. § 2255. To the extent that Lizarraga-Lopez challenged the propriety of his sentence based on the allegedly selective application of 18 U.S.C. § 3624(c), and not the execution of his sentence by the Bureau of Prisons, the Court liberally construed his motion as stating a colorable claim under section 2255. The case therefore speaks directly to this one.

After a thoughtful analysis, the Court concluded that the movant's status as a deportable alien needn't be considered as a mitigating factor for the purposes of a downward departure. First, section 3624(c) does not "guarantee placement into community confinement for *any* federal prisoner *regardless* of citizenship status." *Id.* at 1169. To the contrary, the words "to the extent practicable" appear, front and center, in the provision. Second, the Bureau of Prisons has broad discretion to determine the appropriate conditions for a prisoner under 18 U.S.C. § 3621(b). *Id*. Third, legitimate policy interests and Congress's plenary

power over alien affairs justify the differential treatment. *Id.* And fourth, "to allow Lizarraga-Lopez a five-month early release and deportation would grant him a windfall relative to those prisoners who are United States citizens, since Lizarraga-Lopez would be entirely free from custody while his counterparts remained in detention either at home or in a 'halfway house.'" *Id.*

The Court also concluded, even assuming section 3624(c) "confers any substantive right to be vindicated by habeas relief," that the text and logic of the statute must exclude deportable aliens from early release programs. *Id.* The Court's reasoning stands. The purpose of halfway houses is to facilitate the reintegration of prisoners into the community, but prisoners in Rendon-Inzunza's position are released first to the Attorney General and then to a foreign community. Moreover, halfway houses are still custodial institutions wherein prisoners serve out their full sentences, and from which deportable aliens would be a unique flight risk.

No due process or equal protection issue arises merely because a defendant's alien status excludes him from certain programs available to citizens, within the prison system or without. Accordingly, Mr. Rendon-Inzunza's argument that the court should consider his request for an additional downward departure on that basis raises no ground for habeas relief and is rejected. The Motion is accordingly **DENIED**. Additionally, Rendon-Inzunza has not made a substantial showing that he has been denied a constitutional right, thus the Court *sua sponte* **DENIES** a certificate of appealability. 28 U.S.C. § 2253(c)(2) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right").

**IT IS SO ORDERED**.

DATED: August 4, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge